UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH AGUIRRE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-03722 |
| | § | |
| VALERUS FIELD SOLUTIONS LP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Before the Court is Defendants' Motion to Sever (Doc. 15), as well as Plaintiffs' Response (Doc. 18) and Defendants' Reply (Doc. 19). Upon review and consideration of the Motion, Response, Reply, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' Motion should be denied.

**I. Background**

Plaintiffs Elizabeth Aguirre ("Aguirre"), Abid Momin ("Momin"), and Kassirim Onyeri ("Onyeri") (collectively, "Plaintiffs") were formerly employed by Valerus Field Solutions L.P. ("Defendant Valerus"), each working various positions in the company throughout his or her employment period. Doc. 1 ¶¶ 3–17. Plaintiffs allege that Defendant Valerus, as well as Garland King and Lawrence McKinnon (collectively, "Defendants") discriminated against them on the basis of their race or national origin and retaliated against Plaintiffs for engaging in activities protected by Title VII. *Id.* ¶¶ 17–29.

Specifically, Aguirre and Onyeri contend that Defendants discriminated and retaliated against them on the basis of their sex. *Id.* ¶¶ 18–27. Aguirre and Onyeri also allege violations of the Equal Pay Act and retaliation under the Equal Pay Act. *Id.* Solely, Onyeri argues that Defendants discriminated against her on the basis of a disability. *Id.* ¶¶ 27–28. In sum,

1 / 9

Defendants are faced with three individual Plaintiffs asserting a total of at least eighteen claims against them in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 206 (the Equal Pay Act), and 42 U.S.C. § 12101 (the Americans with Disabilities Act).

## II. Standard of Review

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The district court has broad discretion to sever claims and parties in a lawsuit. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). Under Rules 21, severance creates "two separate actions or suits where previously there was but one." *United States v. O'Neill*, 709 F.2d 361, 268 (5th Cir. 1983). The severed claims proceed as independent actions, and a court may render a final judgment in either one of the resulting two actions "notwithstanding the continued existence of unresolved claims in the other." *Id.* When deciding whether parties were properly joined under Rule 20(a), the Court considers (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to both plaintiffs. *See* Fed. R. Civ. P. 20(a). Joinder of parties is strongly encouraged. *See, e.g.*, *Blum v. General Elec. Co.*, 547 F.Supp.2d 717, 722 (W.D. Tex. 2008). This is particularly true in the employment discrimination context. *See Castillo v. Lennar Corp.*, 2008 WL 4425298, at *1 (S.D. Tex. Sept. 23, 2008) (citing *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1322 (11th Cir. 2000) (*en banc*)).

Similarly, Rule 42(b) provides that a court has discretion to order separate trials of claims "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). "Thus, the two primary factors to be considered

in determining whether to order separate trials are efficient judicial administration and potential prejudice." *Divine Restoration Apostolic Church v. Nationwide Mut. Ins. Co.*, 2010 WL 1064727, at *2 (S.D. Tex. 2010). Separation of issues for separate trials is "not the usual course that should be followed." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993).

**III. Discussion**

In *In re Rolls Royce Corp.*, the Fifth Circuit acknowledged that while it has not yet adopted a test for severance, a number of its district courts have applied the five-factor test of *Paragon Office Services, LLC v. United Healthcare Insurance Co.*: whether (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common question of law or fact; (3) settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided if severance were granted; and (5) different witnesses and documentary proof are required for the separate claims. 755 F.3d 671, 680 n.40 (5th Cir. 2014) (citing 2012 WL 444236, at *1 (N.D. Tex. Sept. 26, 2012)). "'[S]everance will be refused if the court believes that it only will result in delay, inconvenience, or added expense.'" *Id.* (quoting Wright & Miller, *Fed. Prac. & Proc.* § 1689 (3d ed. 2004)). The impulse is towards considering the broadest possible scope of action consistent with fairness to the parties. *HC4, Inc. Emp. Stock Ownership Plan v. HC4, Inc.*, 2016 WL 109880, at *6 (S.D. Tex. Jan. 11, 2016) (citing *United Mine Workers v. Gibbs*, 383 U.S. 714, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)). Accordingly, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers*, 383 U.S. at 724.

Although the Fifth Circuit has not adopted a particular test to decide what is "the same transaction or occurrence" under the first factor, *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 727 (S.D. Tex. 2016), several of its district courts employ the Eighth Circuit's

"logically related" test. *See, e.g.*, *Stinnette v. Medtronic, Inc.*, 2010 WL 767558, at *1 (S.D. Tex. Mar. 3, 2010). Under this test, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosely v. GMC*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citing 7 C. Wright, *Fed. Prac. and Proc.* § 1653 at 270 (1972)). As the Eight Circuit explained, "as used in Rule 20 [the terms] would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Id.*

Under the second *Paragon Office* factor, a number of courts have held that the "common question" can be satisfied by the presence of only a single one. *Carter*, 175 F. Supp. 3d at 727 (citing *Tex. Instruments, Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 148 (N.D. Tex. 2010) ("[D]efendants may be joined together in the same action only if (1) 'there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (2) at least one 'question of law or fact common to all of them will arise in the action.'")). However, the "mere fact that all Plaintiffs' claims arise under the same general law" is insufficient for a finding of a common question of law or fact. *Castro v. Freeman*, 2011 WL 13140728, at *10 (S.D. Tex. April 26, 2011) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1349 (9th Cir. 1997)).

**A. Same Transaction or Occurrence**

Defendants maintain that Plaintiffs' claims are "highly individualized and . . . based on discrete occurrences involving different legal issues, standards, and procedures." Doc. 15 at 14. Plaintiffs were affected by the alleged discrimination in different ways, and each Plaintiff raises different claims against Defendants. *Id.* Moreover, many of the alleged similar incidents cited by Plaintiffs occurred several years apart, involved different supervisors, and concerned different

job positions. *Id.* at 15–16.

In response, Plaintiffs claim that Defendants "subjected each Plaintiff to similar and, as a group, specific occurrence of discrimination during their employment . . . while under the immediate supervision of the same individuals." Doc. 18 at 2. Plaintiffs maintain that they shared the same employer, supervisors, division, and similar comparators. *Id.* Therefore, according to Plaintiffs, joinder was proper. *Id.*

Plaintiffs' Original Complaint describes in detail the alleged discriminatory acts by Defendants Scott McKinnon and Bryan King toward Plaintiffs during their periods of employment at Valerus. Doc. 1 ¶¶ 3–17. Apart from Plaintiff Onyeri's claim of disability discrimination, at least two Plaintiffs share every claim of discrimination against Defendants, and assert that McKinnon and King, in their supervisory positions in the Supply Chain division at Valerus, were the primary actors. *Id.* ¶¶ 17–29. While some of the alleged incidents involve additional supervisors, were in relation to different job positions, or occurred on separate occasions over several years, they arose due to the behavior of McKinnon and King. *Id.* ¶¶ 3–17. Additionally, Defendants' "stipulation that deposition testimony and discovery responses for each matter may be conducted at the same time and offered in every action interchangeably" in an effort to cure concerns about duplicative discovery contradicts their argument that Plaintiffs' claims are so individualized as to necessitate separate actions. Doc. 19 at 1. Accordingly, the Court concludes that the claims against Defendants are logically related and, therefore, arise out of the same series of transactions or occurrences.

### B. Common Question of Law or Fact

Defendants urge the Court to sever this action into three lawsuits because "Plaintiffs have lumped together at least eighteen . . . distinct causes of action." Doc. 15 at 2–3. Plaintiffs do not

uniformly share the claims and each "allege[] different adverse employment actions at different points in time." *Id.* According to Defendants, at least one but not all of the Plaintiffs allege they were subjected to a hostile work environment on the basis of sex, retaliated against for complaining about unequal pay, constructively discharged, or denied requests for sick leave. *Id.* at 6–14. Thus, Defendants insist that Plaintiffs' claims do not share any common questions of law or fact. *Id.* at 5. In their Response, Plaintiffs contend that the "common question" prong is satisfied by the Plaintiffs' claims under Title VII and § 1981. Doc. 18 at 11.

The Court concludes that the claims asserted by Plaintiffs share at least one common question of law or fact. Plaintiffs all worked in the Supply Chain division at Defendant Valerus, were employed by Valerus at the same facility in the Houston area during roughly the same period of time between 2009 and 2011, and were all under the supervision of McKinnon and King during their employment periods. Doc. 1 at 3–17. The Court finds that while Plaintiffs' claims are individualized to some extent, the majority of Plaintiffs' claims involve questions relating to McKinnon and King in their supervisory capacities at Valerus. *See* Doc. 1 ¶¶ 17–29. The factual similarity of some of the claims made by Plaintiffs weighs heavily against the severing of their claims. *Id.*; Doc. 18-1 at 2–3 (Valerus supervisor fails to give Plaintiffs and other minorities increased pay that is owed; Plaintiffs passed over for work opportunities in favor of white employees; "King tells [Plaintiff] he likes to keep 'blacks with blacks and browns with browns.'"). Because of these common questions of law and fact, judicial economy would be served by trying all claims together. Accordingly, the Court concludes that joinder of the claims is proper.

These first two *Paragon Office* factors—whether the claims arise out of the same transaction or occurrence and whether the claims present a common question of law or fact—

taken alone support a finding that the parties were properly joined. However, "under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined *or might otherwise cause delay or prejudice*." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (emphasis added). The final *Paragon Office* factors consider such delay or prejudice. *Paragon Office Servs.*, 2012 WL 444236, at *1.

### C. Settlement and Judicial Economy

Defendants conclusorily allege that a single trial "will not promote efficiency," but fail to provide any reasoning for their assertion. Doc. 15 at 14. In contrast, Plaintiffs contend that severance would "undermine the likelihood of settlement and judicial economy" by requiring multiple witnesses to testify in three separate cases and increasing "by threefold the required number of juries and case/clerk files," resulting in "delay, inconvenience, and added expense" and "more work for the clerk's office and court." Doc. 18 at 11–12. The Court finds Plaintiffs' argument persuasive that severance of this matter into three separate actions will likely result in delay, inconvenience, and an overall lack of judicial economy.

### D. Prejudice

Defendants urge that, even if Plaintiffs' claims meet the requirements for joinder, the claims should be severed into separate matters because "the jury would likely be confused and Defendants would be substantially prejudiced if the claims were tried together." Doc. 15 at 15. Defendants argue that a single trial of Plaintiffs' claims would likely involve a large number of witnesses testifying about Defendants' conduct. *Id.* at 16. "[U]nique circumstances or unfavorable facts in one Plaintiff's case may be unfairly impugned to Defendants with respect to other Plaintiffs' claims." *Id.* Plaintiffs respond that severance is not required to avoid prejudice. Doc. 18 at 12.

Defendants rely heavily upon *Henderson v. AT & T Corp.*, 918 F. Supp. 1059 (S.D. Tex. 1996), *abrogated on other grounds by Holmes v. Energy Catering Servs., LLC*, 270 F. Supp. 2d 882 (2003). In that case, the court found the possibility of prejudice that could result from joinder of much greater concern than the other *Paragon Office* factors. *Id.* at 1063. The court granted severance on the basis that the defendant would be substantially prejudiced by a single trial because the "confusion that would be engendered . . . [was] simply too great, and would substantially threaten [the defendant's] right to a fair trial." *Id.* at 1064. In that case, five plaintiffs alleged discrimination against a single defendant, the plaintiffs were "residents of five different cities and four different states who worked in four separate . . . offices," and "were directly supervised by different managers in each office." *Id.* at 1061. Additionally, the *Henderson* plaintiffs "worked on separate teams in separate offices." *Id.* at 1063. Here, in contrast, all Plaintiffs worked in the same city, office, division, and under the same supervisors. Doc. 1 ¶¶ 17–29. Defendants argue that certain evidence relevant to one Plaintiff's case may be irrelevant and prejudicial in another Plaintiff's case. However, Defendants' stipulation that deposition testimony and discovery responses for each matter may be conducted at the same time and offered in every action interchangeably leads the Court to conclude that joinder will not result in prejudice to Defendants.

### E. Witnesses and Documentary Proof

According to Defendants, evidence that is admissible and relevant to one Plaintiff's case would likely be irrelevant to another Plaintiff's case. Doc. 15 at 15. However, as the Court has already noted, Defendants' subsequent stipulation regarding deposition testimony and discovery responses contradicts their argument. *See* Doc. 19 at 1. As previously stated, much of the discovery in the case and many of the witnesses will be the same for all Plaintiffs. Thus,

duplicative witnesses and documentary proof weigh in favor of joinder.

The Court finds no reason to burden the court system with three separate but similar trials when all of Plaintiffs' claims can be resolved in a single adjudication. "If a greater risk of prejudice arises at a later stage of the litigation, this Court has discretion to order separate trials as provided by Fed. R. Civ. P. 42(b) in order to minimize such risk." *El Aguila Food Prods., Inc. v. Gruma Corp.*, 167 F. Supp. 2d 955, 961 (S.D. Tex. 2001).

## IV. Conclusion

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion to Sever (Doc. 15) is **DENIED**.

SIGNED at Houston, Texas, this 13th day of July, 2017.

                                          MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE