**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELIZABETH AGUIRRE, *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-03722 |
| | § | |
| VALERUS FIELD SOLUTIONS LP, *et al.,* | § | |
| *Defendants.* | § | |

## ORDER

The Court has reviewed the Memorandum and Recommendation of the United States Magistrate Judge (Doc. No. 97) and Plaintiffs' objections thereto (Doc. No. 100) as well as the Defendant's Response (Doc. No. 105). The Court having considered same *de novo* hereby adopts the Memorandum and Recommendation and grants the Defendants' Motion for Summary Judgment (Doc. No 68) *in toto* as to Plaintiffs Elizabeth Aguirre and Kassirim Onyeri and grants in part and denies in part the Defendants' Motion for Summary Judgment as to Plaintiff Abid Momin.

There are three major problems that permeate the objections to the Memorandum and Recommendation. First, the non-movants seem to be under the impression they need not contest parts of the movant's summary judgment and that somehow those parts mystically survive or avoid the Court's review. This is not true, in cases like the instant one, when the movant denies the allegations and moves for judgment as a matter of law on every cause. Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-25 (1956). The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the non-movant does not make that showing, the matter is ripe for a judgment to be granted.

Secondly, the burden is not on the court to search for the record to try to identify a fact issue. It is the burden of the non-movant to identify the specific facts that raise a genuine dispute and point out where those facts are to be found in the record. The Fifth Circuit has made clear that "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment, especially where, as here, the nonmoving party is well aware of the existence of such evidence. Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (5th Cir. 1992); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988).

Even when specifically referred to, the "evidence" must be proven according to the rules of evidence (e.g. must be authenticated and/or not be hearsay) and cannot be based upon assumptions and speculation. The Fifth Circuit has made clear that bare assertions from deposition testimony, without evidence supporting the claims during the deposition, are insufficient at the summary judgment stage. *Garrison Prop. & Cas. Co. v. Silva*, 652 F. App'x 240, 242 (5th Cir. 2016); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) ("[U]nsubstantiated assertions are not competent summary judgment evidence."); *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of

law are insufficient to defeat a motion for summary judgment."); *Jones v. Lowndes Cty.*, 678 F.3d 344, 348 (5th Cir. 2012) ("However, the non-movant cannot avoid summary judgment simply by presenting '[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'" (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754 (5th Cir. 2002))); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

Finally, there is a point quite specific to this case. On December 21, 2017, over one year ago, the Magistrate Judge ordered the Plaintiffs to:

> (2) supplement or amend, if needed, Plaintiffs' responses to Defendants' Interrogatories, and provide verifications of Plaintiffs' interrogatory answers from each Plaintiff; and (3) supplement or amend Plaintiff's responses to Interrogatory No. 12 and identify, with particularity, the alleged adverse employment actions at issue in this vase. [sic]

Thus, Plaintiffs had 30 days to provide the Defendants with sworn answers to interrogatories listing each and every adverse employment action. All three Plaintiffs apparently provided such verified responses, but now each seems to complain about the fact that the Court and the Defendants relied upon these answers. This complaint is not only ridiculous under any legal theory; it borders on the criminal because implicit in this argument is the fact that they swore to the answers which they are now attacking. (This does not even take into account the fact that if these answers were incomplete, the Plaintiffs violated Judge Stacy's order and their own duty to supplement discovery responses.) Judge Stacy's analysis of the allegations in this case was painstaking, careful, and thorough. For the Plaintiffs to suggest that her analysis was faulty due to their own misdeeds is in this Court's experience, at the very least, a somewhat unique approach to take.

The Court adopts the Memorandum and Recommendation of the United States Magistrate Judge. It grants the Defendants' Motions for Summary Judgment as to Elizabeth Aguirre (Doc. No. 68) and Kiassirim Onyeri (Doc. No. 69) in their entirety. It grants the Motion for Summary Judgment (Doc. No. 70) against Abid Momin as to his claims under Title VII and § 1981 as to disparate treatment, race, and national origin. It denies the motion as to his Title VII claims of hostile work environment and retaliation.

The Court has also considered Plaintiffs' Motion to Submit Further Evidence (Doc. No. 101) and the Defendants' Response thereto (Doc. No. 106). This motion seeks to supplement the summary judgment evidence with unproven documents and recordings. This Court has reviewed them all. They are not authenticated and are hearsay; and could not be considered by the Court as summary judgment evidence even if the motion to supplement complied with this Court's rules—which it does not. Consequently, adding these documents and recordings to the record would be pointless and as such that motion is denied.

Counsel are instructed to meet and confer and file an agreed-upon proposed schedule to dispose of the remaining issues in the case.

SIGNED at Houston, Texas this 1st day of March, 2019.

Andrew S. Hanen
United States District Judge